UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09 - 20852** CR - GOLD

18 U.S.C. § 371
50 U.S.C. § 1705
18 U.S.C. § 554

/ McALILEY

UNITED STATES OF AMERICA,

vs.

SAMER MEHDI,
KHALED T. SAFADI,
CEDAR DISTRIBUTORS, INC.,
ULISES TALAVERA,
TRANSAMERICA EXPRESS OF MIAMI,
EMILIO JACINTO GONZALEZ-NEIRA,
and
JUMBO CARGO, INC.,

      Defendants.

_____/

## INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

**International Emergency Economic Powers Act:**

1.      In furtherance of the national security and foreign policy interests of the United States, the International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Sections 1701-1706, authorizes the President to declare a national emergency in the face of an unusual and extraordinary threat, which has its source in whole or substantial part outside the United States, to the national security, foreign policy, or economy of the United States.



2.     In cases with a declared national emergency, IEEPA allows the President to investigate, regulate or prohibit the "importation or exportation of, or dealing in, or exercising any right, power, or privilege with respect to, or transactions involving, any property in which any foreign country or a national thereof has any interest by any person, or with respect to any property, subject to the jurisdiction of the United States," and gives the President authority to "issue such regulations. . . as may be necessary for the exercise of authorities" granted by IEEPA.

3.     No person or entity may willfully violate any license, order, regulation, or prohibition issued by the President pursuant to IEEPA.

4.     On September 23, 2001, pursuant to his authority under IEEPA, then President George W. Bush issued Executive Order 13224, and declared a national emergency to deal with the threat of acts of terrorism and threats of terrorism committed by foreign terrorists. The Executive Order empowered the United States Secretary of State to designate certain individuals or entities as having committed or who pose a significant risk of committing acts of terrorism that threaten the national security, foreign policy, or economy of the United States, and authorized the Secretary of the Treasury to designate certain individuals or entities as owned or controlled by, acting for or on behalf of, or providing support to, foreign terrorists.

5.     Executive Order 13224 authorized the Secretary of the Treasury to order that such designated entities' and persons' property interests be blocked. Such designated entities and persons are known as Specially Designated Global Terrorists ("SDGT"). This Executive Order was in effect at all times relevant to this Indictment.

6.     To implement Executive Order 13224, the United States Department of Treasury, through the Office of Foreign Asset Controls ("OFAC") issued regulations that, among other things

2

prohibit any transactions or dealing in blocked property, or any transactions with an SDGT by a U.S. person in the absence of a special license granted by the United States Department of Treasury, OFAC.

7.     The Galeria Page mall ("Galeria Page") was located in Ciudad de Este, Paraguay, an area commonly referred to as the tri-border area.

8.     Jomana Import Export ("Jomana") was a commercial entity located within the Galeria Page.

9.     Since December 6, 2006, the Galeria Page has been designated as a Specially Designated Global Terrorist ("SDGT") by the United States Treasury, OFAC, pursuant to Executive Order 13224, and consequently, any transaction or dealing by a U.S. person with Galeria Page, including any transaction or dealing with an entity within the Galeria Page, is prohibited. 31 C.F.R. § 594.201.

**Smuggling Goods from the United States:**

10.     Title 18, United States Code, Section 554, prohibits fraudulently or knowingly exporting or sending from the United States, or attempting to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receiving, concealing, buying, selling, or in any manner facilitating the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States.

11.     Title 13, United States Code, Section 305, prohibits any person from knowingly failing to file or knowingly submitting false or misleading export information through the Shippers Export Declaration (or any successor document).

3

12.    A freight forwarding company transports property, assembles, consolidates and distributes shipments.

13.    A Shippers Export Declaration ("SED") is a document prepared in paper or electronic form by either exporters or their authorized representatives, collecting basic information such as: the ultimate consignee and any intermediate consignee; the name and address of each party involved; and a description of the quantity and value of the items exported.  All shipments referenced in this Indictment required an SED.

**Defendants:**

14.    Defendant **SAMER MEHDI**, a Brazilian and Paraguayan National, living in Paraguay, was the owner of Jomana.

15.    Defendant **KHALED T. SAFADI**, a United States Citizen, was the owner of defendant **CEDAR DISTRIBUTORS, INC.**

16.    Defendant **CEDAR DISTRIBUTORS, INC.**, ("Cedar") was an electronics distributor and exporter, based in Miami, Florida, and operating throughout the United States, that was distributing and selling, among other items, Sony brand PlayStation 2 consoles and gaming equipment and cameras.

17.    Defendant **ULISES TALAVERA**, a permanent resident of the United States, was the owner of defendant **TRANSAMERICA EXPRESS OF MIAMI**.

18.    Defendant **TRANSAMERICA EXPRESS OF MIAMI**, ("Transamerica") was a freight forwarding company, based in Miami, Florida, and was in the business of operating as a freight forwarder of merchandise to Jomana in the Galeria Page.

4

19.    Defendant **EMILIO JACINTO GONZALEZ-NEIRA,** a Paraguayan National, legally residing in the United States, was the owner of defendant **JUMBO CARGO INC.**

20.    Defendant **JUMBO CARGO INC.,** ("Jumbo") was a freight forwarding company, based in Miami, Florida, and was in the business of operating as a freight forwarder of merchandise to Jomana in the Galeria Page.

21.    At no time did defendants **SAFADI, CEDAR, TALAVERA, TRANSAMERICA, GONZALEZ-NEIRA** or **JUMBO** apply for, receive, or possess a license or authorization from the United States Department of Treasury, OFAC, to export goods, technology, or services of any description, to the Galeria Page or to any of the businesses, entities or companies operating within the Galeria Page.

## COUNT 1

1.    Paragraphs 1 through 21 are restated and realleged as if fully set forth herein.

2.    Beginning on a date unknown to the Grand Jury, but at least as early as March, 2007, and continuing through a date unknown to the Grand Jury, but at least through January, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SAMER MEHDI,**
**KHALED T. SAFADI,**
**CEDAR DISTRIBUTORS, INC.,**
**ULISES TALAVERA,**
**TRANSAMERICA EXPRESS OF MIAMI,**
**EMILIO JACINTO GONZALEZ-NEIRA,**
**and**
**JUMBO CARGO, INC.,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury to:

(a)     transfer, pay, export, and deal in property and interest in property to Jomana Import Export, a commercial entity located within the Galeria Page, which is an SDGT whose property and interest in property, that is Sony brand electronics which were located in the United States, without having first obtained the required authorization from the United States Secretary of the Treasury, in violation Title 50, United States Code, Section 1705, Title 31, Code of Federal Regulations, Section 594.201, and Executive Order 13224.

(b)     export and send from the United States to Paraguay, a place outside the United States, any merchandise, article and object, that is, Sony brand electronics, contrary to any law or regulation of the United States, that is, Title 13, United States Code, Section 305, and did conceal and facilitate the transportation and concealment of such merchandise, article or object prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, that is, Title 13, United States Code, Section 305; in violation of Title 18, United States Code, Section 554.

## OBJECT OF THE CONSPIRACY

3.     It was the object of the conspiracy for the defendants, **SAMER MEHDI, KHALED T. SAFADI, CEDAR DISTRIBUTORS, INC., ULISES TALAVERA, TRANSAMERICA EXPRESS OF MIAMI, EMILIO JACINTO GONZALEZ-NEIRA,** and **JUMBO CARGO, INC.,** to unlawfully supply goods to persons and entities whose property and interest in property were blocked pursuant to Title 31, Code of Federal Regulations, Section 594.201, specifically, Jomana Import Export, an entity within the SDGT Galeria Page, without first obtaining authorization from the United States Department of the Treasury, OFAC.

6

### MANNER AND MEANS

4.      It was a manner and means of the conspiracy that defendant **MEHDI** would acquire Sony brand electronics, including Playstation 2 consoles, ("PS2s") from suppliers within the United States for ultimate delivery to the Galeria Page, an SDGT entity in Ciudad del Este, Paraguay without the required licenses from the Department of the Treasury, OFAC.

5.      It was a further manner and means of the conspiracy that defendant **MEHDI** would use electronic mail ("email") to order the Sony brand electronics, including PS2s, located within the United States and to negotiate price, payment and delivery terms.

6.      It was a further manner and means of the conspiracy that defendant **MEHDI** would use defendants **TALAVERA, TRANSAMERICA, GONZALEZ-NEIRA, JUMBO** and others to export and ship the PS2s and electronic goods to Jomana in the Galeria Page.

7.      It was a further manner and means of the conspiracy that defendant **MEHDI** would wire transfer money from a money exchange facility in South America to bank accounts in New Jersey with instructions to forward the money to a Sony electronics distributor in Ohio, as payment for PS2s.

8.      It was a further manner and means of the conspiracy, in order to conceal the ultimate consignee and value of merchandise, defendants **TALAVERA, TRANSAMERICA, GONZALEZ-NEIRA** and **JUMBO** would use a variety of methods to avoid detection, including falsifying invoices and SEDs.

9.      It was a further manner and means of the conspiracy that defendant **MEHDI** would direct defendants **SAFADI, TALAVERA,** and **GONZALEZ-NEIRA** and others to change the ultimate consignee and falsify purchase invoices.

## OVERT ACTS

10.     In furtherance of the conspiracy, and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of Florida and elsewhere:

11.     On March 30, 2007, defendant **MEHDI** requested defendants **SAFADI** and **CEDAR** forward 200 Sony brand digital cameras to defendants **TALAVERA** and **TRANSAMERICA** for export to Jomana in the Galeria Page.

12.     On April 21, 2007, defendants **TALAVERA** and **TRANSAMERICA** exported from the United States to Jomana in the Galeria Page approximately 200 Sony brand digital cameras.

13.     On or about May 23, 2007, defendant **MEHDI** ordered 1,000 PS2s from a Sony electronics distributor in Ohio.

14.     On or about May 23, 2007, defendant **MEHDI** directed a Sony electronics distributor in Ohio, to  forward the 1,000 PS2s and all subsequent orders to defendants **TALAVERA** and **TRANSAMERICA** for export to Jomana in the Galeria Page.

15.     On or about May 30, 2007, defendant **MEHDI** wire transferred approximately $124,000 United States Dollars ("USD") to a Sony electronics distributor in Ohio.

16.     On or about May 31, 2007, a Sony electronics distributor in Ohio, shipped the 1,000 PS2s to defendants **TALAVERA** and **TRANSAMERICA** for export to Jomana in the Galeria Page.

17.     On or about June 7, 2007, defendants **TALAVERA** and **TRANSAMERICA** filed a falsified SED, listing the ultimate consignee name and address for the 1,000 PS2s as Mana S.A., Coronel Franco y Curupayty Ciudad del Este, Paraguay.

8

18.    On or about June 8, 2007, defendants **TALAVERA** and **TRANSAMERICA** exported approximately 1,000 PS2s to defendant **MEHDI** and Jomana in the Galeria Page.

19.    On or about June 8, 2007, defendant **MEHDI** ordered another 1,000 PS2s by wire transferring a total of approximately $124,000 USD a Sony electronics distributor in Ohio.

20.    On or about June 11, 2007, a Sony electronics distributor in Ohio, shipped the 1,000 PS2s to defendants **TALAVERA** and **TRANSAMERICA** for export to Jomana in the Galeria Page.

21.    On or about June 21, 2007, defendant **MEHDI** placed a third order for 780 PS2s by wire transferring approximately $35,400 USD as down payment to a Sony electronics distributor in Ohio.

22.    On or about June 29, 2007, defendants **TALAVERA** and **TRANSAMERICA** filed a falsified SED, listing Grupo Mana S.A., Coronel Franco y Curupayty, Ciudad del Este, Paraguay as the ultimate consignee for the 1,000 PS2s ordered on June 8, 2007, by **MEHDI.**

23.    On or about June 30, 2007, defendants **TALAVERA** and **TRANSAMERICA** exported approximately 1,000 PS2s to Jomana in the Galeria Page.

24.    On or about July 4, 2007, defendant **TALAVERA** and **TRANSAMERICA** filed a falsified SED, listing Grupo Mana, S.A., with an address of Edificio Progreso, Ciudad del Este, Paraguay, as the ultimate consignee on the 780 PS2s ordered on June 21, 2007.

25.    On or about July 4, 2007, defendants **TALAVERA** and **TRANSAMERICA** exported approximately 780 PS2s to Jomana in the Galeria Page.

26.    On or about July 6, 2007, defendant **MEHDI** wire transferred approximately $70,000 USD to a Sony electronics distributor in Ohio, as final payment for the 780 PS2s exported on July 4, 2007.

9

27.    On or about July 17, 2007, defendant **MEHDI** ordered another 1,000 PS2s by wire transferring a total of approximately $124,000 USD to a Sony electronics distributor in Ohio.

28.    On or about July 23, 2007, a Sony electronics distributor in Ohio, shipped approximately 1,070 PS2s to defendants **TALAVERA** and **TRANSAMERICA** for export to Jomana in the Galeria Page.

29.    On or about July 24, 2007, defendant **MEHDI** wire transferred a total of approximately $135,900 USD to a Sony electronics distributor in Ohio, as payment for the 1,070 PS2s shipped on July 23, 2007.

30.    On or about July 26, 2007, a Sony electronics distributor in Ohio, shipped the 1,000 PS2s ordered on July 17, 2007, to defendants **TALAVERA** and **TRANSAMERICA** for export to Jomana in the Galeria Page.

31.    On or about August 8, 2007, defendants **TALAVERA** and **TRANSAMERICA** filed a falsified SED, listing Jomana, with road intersection RGTO Piribebuy C/Yta Ibate, Ciudad del Este, Paraguay as the ultimate consignee of 2,070 PS2s.

32.    On or about August 8, 2007, defendants **TALAVERA** and **TRANSAMERICA** attempted to export 2,070 PS2s to Jomana in Galeria Page.

33.    On or about August 29, 2007, defendant **TALAVERA** provided fraudulent invoices to law enforcement corresponding to 1,000 PS2s exported on June 8, 2007, and the 2,070 PS2s attempted to be exported on August 27, 2007.

34.    On or about January 9, 2008, defendant **MEHDI** placed an order with defendants **SAFADI** and **CEDAR** for approximately 400 PS2s by wire transferring approximately $49,600 USD to defendants **SAFADI** and **CEDAR.**

35.    On or about January 10, 2008, defendants **SAFADI** and **CEDAR** shipped approximately 400 PS2s to defendants **GONZALEZ-NEIRA** and **JUMBO** for export to Jomana in the Galeria Page.

36.    On or about January 11, 2008, defendants **GONZALEZ-NEIRA** and **JUMBO** filed a falsified SED, listing the ultimate consignee name and address for the 400 PS2s as Atlantic International, S.A, Monsenor Rodriguez y Pampliega, Ciudad Del Este, Paraguay.

37.    On or about January 12, 2008, defendants **CEDAR** and **SAFADI** fictitiously listed Dally Center (Jo), Shopping Vendome, Ciudad del Este, Paraguay, as the ultimate consignee on export documentation.

38.    On or about January 12, 2008, defendants **GONZALEZ-NEIRA** and **JUMBO** attempted to export 400 PS2s to Jomana in Galeria Page.

All in violation of Title 18, United States Code, Section 371.

<u>**COUNT 2**</u>

On or about June 8, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ULISES TALAVERA,**
**and**
**TRANSAMERICA EXPRESS OF MIAMI,**

did knowingly and willfully transfer, pay, export, and deal in property and interest in property to Jomana Import Export, an entity within the SDGT Galeria Page, whose property and interest in property, that is Sony brand Playstation 2 consoles, which were located in the United States, without having first obtained the required authorization from the United States Secretary of the Treasury, in violation of Title 31, Code of Federal Regulations, Section 594.201 and Executive Order 13224; in

violation of Title 50, United States Code, Section 1705, and Title 18, United States Code, Section 2.

## COUNT 3

On or about June 8, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ULISES TALAVERA,**
**and**
**TRANSAMERICA EXPRESS OF MIAMI,**

did fraudulently and knowingly export and send from the United States to Paraguay, a place outside the United States, any merchandise, article and object, that is Sony brand Playstation 2 consoles, contrary to any law or regulation of the United States, that is, Title 13, United States Code, Section 305, and did conceal and facilitate the transportation and concealment of such merchandise, article or object prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, that is Title 13, United States Code, Section 305; in violation of Title 18, United States Code, Section 554, and Title 18, United States Code, Section 2.

## COUNT 4

On or about June 30, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ULISES TALAVERA,**
**and**
**TRANSAMERICA EXPRESS OF MIAMI,**

did knowingly and willfully transfer, pay, export, and deal in property and interest in property to Jomana Import Export, an entity within the SDGT Galeria Page, whose property and interest in property, that is Sony brand Playstation 2 consoles, which were located in the United States, without

12

having first obtained the required authorization from the United States Secretary of the Treasury, in violation of Title 31, Code of Federal Regulations, Section 594.201 and Executive Order 13224; in violation of Title 50, United States Code, Section 1705, and Title 18, United States Code, Section 2.

## COUNT 5

On or about June 30, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ULISES TALAVERA,**
**and**
**TRANSAMERICA EXPRESS OF MIAMI,**

did fraudulently and knowingly export and send from the United States to Paraguay, a place outside the United States, any merchandise, article and object, that is Sony brand Playstation 2 consoles, contrary to any law or regulation of the United States, that is, Title 13, United States Code, Section 305, and did conceal and facilitate the transportation and concealment of such merchandise, article or object prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, that is Title 13, United States Code, Section 305; in violation of Title 18, United States Code, Section 554, and Title 18, United States Code, Section 2.

## COUNT 6

On or about July 4, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ULISES TALAVERA,**
**and**
**TRANSAMERICA EXPRESS OF MIAMI,**

did knowingly and willfully transfer, pay, export, and deal in property and interest in property to

13

Jomana Import Export, an entity within the SDGT Galeria Page, whose property and interest in property, that is Sony brand Playstation 2 consoles, which were located in the United States, without having first obtained the required authorization from the United States Secretary of the Treasury, in violation of Title 31, Code of Federal Regulations, Section 594.201 and Executive Order 13224; in violation of Title 50, United States Code, Section 1705, and Title 18, United States Code, Section 2.

## COUNT 7

On or about July 4, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ULISES TALAVERA,**
**and**
**TRANSAMERICA EXPRESS OF MIAMI,**

did fraudulently and knowingly export and send from the United States to Paraguay, a place outside the United States, any merchandise, article and object, that is Sony brand Playstation 2 consoles, contrary to any law or regulation of the United States, that is, Title 13, United States Code, Section 305, and did conceal and facilitate the transportation and concealment of such merchandise, article or object prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, that is Title 13, United States Code, Section 305; in violation of Title 18, United States Code, Section 554, and Title 18, United States Code, Section 2.

14

## COUNT 8

On or about August 27, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ULISES TALAVERA,**
**and**
**TRANSAMERICA EXPRESS OF MIAMI,**

did knowingly and willfully attempt to transfer, pay, export, and deal in property and interest in property to Jomana Import Export, an entity within the SDGT Galeria Page, whose property and interest in property, that is Sony brand Playstation 2 consoles, which were located in the United States, without having first obtained the required authorization from the United States Secretary of the Treasury, in violation of Title 31, Code of Federal Regulations, Section 594.201 and Executive Order 13224; in violation of Title 50, United States Code, Section 1705, and Title 18, United States Code, Section 2.

## COUNT 9

On or about August 27, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ULISES TALAVERA,**
**and**
**TRANSAMERICA EXPRESS OF MIAMI,**

did fraudulently and knowingly attempt to export and send from the United States to Paraguay, a place outside the United States, any merchandise, article and object, that is Sony brand Playstation 2 consoles, contrary to any law or regulation of the United States, that is, Title 13, United States Code, Section 305, and did conceal and facilitate the transportation and concealment of such merchandise, article or object prior to exportation, knowing the same to be intended for exportation

15

contrary to any law or regulation of the United States, that is Title 13, United States Code, Section 305; in violation of Title 18, United States Code, Section 554, and Title 18, United States Code, Section 2.

## COUNT 10

On or about January 12, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**EMILIO JACINTO GONZALEZ-NEIRA,**
**JUMBO CARGO INC.,**
**KHALED T. SAFADI,**
**and**
**CEDAR DISTRIBUTORS, INC.,**

did knowingly and willfully attempt to transfer, pay, export, and deal in property and interest in property to Jomana Import Export, an entity within the SDGT Galeria Page, whose property and interest in property, that is Sony brand Playstation 2 consoles, which were located in the United States, without having first obtained the required authorization from the United States Secretary of the Treasury, in violation of Title 31, Code of Federal Regulations, Section 594.201 and Executive Order 13224; in violation of Title 50, United States Code, Section 1705, and Title 18, United States Code, Section 2.

## COUNT 11

On or about January 12, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**EMILIO JACINTO GONZALEZ-NEIRA,**
**JUMBO CARGO INC.,**
**KHALED T. SAFADI,**
**and**
**CEDAR DISTRIBUTORS, INC.,**

did fraudulently and knowingly attempt to export and send from the United States to Paraguay, a place outside the United States, any merchandise, article and object, that is Sony brand Playstation 2 consoles, contrary to any law or regulation of the United States, that is, Title 13, United States Code, Section 305, and did conceal and facilitate the transportation and concealment of such merchandise, article or object prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, that is Title 13, United States Code, Section 305; in violation of Title 18, United States Code, Section 554, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981)

1.      The allegations of Counts 1 through 11 of this Indictment are re-alleged and, by this reference, fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 13, United States Code, Section 305 and Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461, and the procedures outlined at Title 21, United States Code Section 853, including but not limited to:

17

a)     a money judgment in the amount of $911,560.20.

2.     Upon conviction of a conspiracy to commit a violation of Title 50, United States Code, Section 1705, as alleged in Count 1 or any of the violations of Title 50, United States Code, Section 1705, as alleged in Counts 2, 4, 6, 8, and 10, of this Indictment, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes, or is derived from, proceeds traceable to such violations.

3.     Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 554, as alleged in Count 1, or any of the violations of Title 18, United States Code, Section 554, as alleged in Counts 3, 5, 7, 9, and 11 of this Indictment, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes, or is derived from, proceeds traceable to such violations.

4.     If the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants,

a)     cannot be located upon the exercise of due diligence;

b)     has been transferred or sold to, or deposited with a third person;

c)     has been placed beyond the jurisdiction of the Court;

c)     has been substantially diminished in value; or

d)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek

18

forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 13, United States Code, Sections 305,  Title 18, United States Code,

Sections 981, Title 28, United States Code, Section 2461, and Title 21, United States Code, Section

853.

A TRUE BILL

FOREPERSON

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

ALLYSON FRITZ
ASSISTANT UNITED STATES ATTORNEY

RUSSELL KOONIN
ASSISTANT UNITED STATES ATTORNEY

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

SAMER MEHDI,
KHALID T. SAFADI,
CEDAR DISTRIBUTORS, INC.,
ULISES TALAVERA,
TRANSAMERICA EXPRESS OF MIAMI,
EMILIO JACINTO GONZALEZ-NEIRA,
and
JUMBO CARGO, INC.,

_____ Defendants.  /

CASE NO.  _____

CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

New Defendant(s)                    Yes _____    No _____
Number of New Defendants                 _____
Total number of counts                   _____

**Court Division**: (Select One)

X____  Miami    ____  Key West
____  FTL      ____  WPB      ____  FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:    (Yes or No)    __No__
    List language and/or dialect   _____

4.  This case will take    __6-8__   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                          (Check only one)

    I     0 to 5 days            _____        Petty      _____
    II    6 to 10 days           X_____       Minor      _____
    III   11 to 20 days          _____        Misdem.    _____
    IV    21 to 60 days          _____        Felony     X_____
    V     61 days and over

6.  Has this case been previously filed in this District Court?  (Yes or No)   __No__
    If yes:
    Judge: _____    Case No.  _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?    (Yes or No)   __No__
    If yes:
    Magistrate Case No.                 _____
    Related Miscellaneous numbers:      _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of  _____
    Rule 20 from the  _____    District of  _____

    Is this a potential death penalty case? (Yes or No)    __No__

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes   X____ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes   X____ No

                                    _____
                                    ALLYSON FRITZ
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Court ID No. A5500092

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **Samer Mehdi**

**Case No**: _____

Count  #: 1

Conspiracy to Violate the International Emergency Economic Powers Act and Conspiracy to

Smuggle Goods from the United States

18 U.S.C. § 371

**\* Max. Penalty:** 5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: Khaled T. Safadi**

**Case No:** _____

Count #: 1

Conspiracy to Violate the International Emergency Economic Powers Act and Conspiracy to

Smuggle Goods from the United States

18 U.S.C. § 371

**\* Max. Penalty:** 5 years' imprisonment

Count #: 10

Attempt to Violate the International Emergency Economic Powers Act

50 U.S.C. § 1705

**\* Max. Penalty:** 20 years' imprisonment

Count #: 11

Attempt to Smuggle Goods from the United States

18 U.S.C. § 554

**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **Cedar Distributors, Inc.**

**Case No**: _____

Count  #: 1

Conspiracy to Violate the International Emergency Economic Powers Act and Conspiracy to

Smuggle Goods from the United States

18 U.S.C. § 371

**\* Max. Penalty:** 5 years' Probation

Count #: 10

Attempt to Violate the International Emergency Economic Powers Act

50 U.S.C. § 1705

**\* Max. Penalty:** 5 years' Probation

Count  #: 11

Attempt to Smuggle Goods from the United States

18 U.S.C. § 554

**\*Max. Penalty:** 5 years' Probation

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Ulises Talvera

**Case No**: _____

Count #: 1

Conspiracy to Violate the International Emergency Economic Powers Act and Conspiracy to

Smuggle Goods from the United States

18 U.S.C. § 371

**\* Max. Penalty:** 5 years' imprisonment

Counts #: 2, 4, and 6

Violating the International Emergency Economic Powers Act

50 U.S.C. § 1705

**\*Max. Penalty:** 20 years' imprisonment

Counts #: 3, 5, and 7

Smuggling Goods from the United States

18 U.S.C. § 554

**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: Ulises Talavera**

**Case No**: _____

Count  #: 8

Attempt to Violate the International Emergency Economic Powers Act

50 U.S.C. § 1705

**\* Max. Penalty:** 20 years' imprisonment

Count  #: 9

Attempt to Smuggle Goods from the United States

18 U.S.C. § 554

**\* Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **Transamerica Express of Miami**

**Case No**: _____

Count  #: 1

Conspiracy to Violate the International Emergency Economic Powers Act and Conspiracy to

Smuggle Goods from the United States

18 U.S.C. § 371

**\* Max. Penalty:** 5 Years' Probation

Counts  #: 2, 4, and 6

Violating the International Emergency Economic Powers Act

50 U.S.C. § 1705

**\*Max. Penalty:** 5 Years' Probation

Counts  #: 3, 5, and 7

Smuggling Goods from the United States

18 U.S.C. § 554

**\*Max. Penalty:** 5 Years' Probation

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **Transamerica Express of Miami**

**Case No**: _____

Count  #: 8

Attempt to Violate the International Emergency Economic Powers Act

50 U.S.C. § 1705

**\* Max. Penalty:** 5 years' Probation

Count  #: 9

Attempt to Smuggle Goods from the United States

18 U.S.C. § 554

**\* Max. Penalty:** 5 years' Probation

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Emilio Jacinto Gonzalez-Neira

**Case No**: _____

Count  #: 1

 Conspiracy to Violate the International Emergency Economic Powers Act and Conspiracy to

Smuggle Goods from the United States

18 U.S.C. § 371

**\* Max. Penalty:** 5 years' imprisonment

Count #: 10

Attempt to Violate the International Emergency Economic Powers Act

50 U.S.C. § 1705

**\* Max. Penalty:** 20 years' imprisonment

Count  #: 11

Attempt to Smuggle Goods from the United States

18 U.S.C. § 554

**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: Jumbo Cargo, Inc.**

**Case No**: _____

Count #: 1

Conspiracy to Violate the International Emergency Economic Powers Act and Conspiracy to

Smuggle Goods from the United States

18 U.S.C. § 371

**\* Max. Penalty:** 5 years' Probation

Count #: 10

Attempt to Violate the International Emergency Economic Powers Act

50 U.S.C. § 1705

**\* Max. Penalty:** 5 years' Probation

Count #: 11

Attempt to Smuggle Goods from the United States

18 U.S.C. § 554

**\*Max. Penalty:** 5 years' Probation

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**