UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20852-CR-GOLD/MCALILEY

**UNITED STATES OF AMERICA**

vs.

**CEDAR DISTRIBUTORS, INC.,**

    **Defendant.**
    _____/

## GOVERNMENT'S RESPONSE TO DEFENDANT CEDAR DISTRIBUTORS SECOND MOTION TO TERMINATE PROBATION

The United States of America hereby submits this response to Defendant Cedar Distributors, motion to dissolve corporation and to terminate probation. The motion to terminate probation is not ripe and should be denied because Cedars has failed to establish that its conduct and justice demand such a result. Nevertheless, should the court allow him to dissolve his U.S. based corporations as he has requested, Cedar's reporting status should become inactive until it expires as there would be no U.S. corporation which could assume his term of supervised release.

I.    Background

On October 20, 2010, pursuant to a written plea agreement, defendant Cedar Distributors pled guilty to subsection (b) of count one of the indictment. On January 24, 2011, the Court sentenced Cedar Distributors to three years of probation. On or about April 6, 2011 defendant Cedar Distributors filed a motion to terminate probation(DE:339). The Court denied Cedar's motion to terminate probation (DE: 345). In July, 2011, Cedar filed a motion to dissolve and another company owned and operated by Safadi filed a resolution to accept Cedar's term of probation (DE: 358,359)

.The Court approved this transfer, with all conditions to be transferred to Tamy Enterprises (DE:360). On May 8, 2012, Tamy Enterprises, the company on supervised release for Cedars, filed the instant motion to dissolve and to terminate probation (DE:369).

II.     Discussion

Cedar (a corporation) seeks an order from this court allowing termination of supervised release for the corporation, because Safadi (an individual) wants to leave the country. Cedar and Safadi, however, are separate legal entities. And, Safadi can self-deport immediately. There is no legal mechanism that requires court approval. He is not on probation and has only remained in the country pursuant to a deferred removal grant which expires in July, 2012. The United States is not requiring Safadi to stay in the country, except and unless there are no other corporate representatives for Cedar. Accordingly, this should not serve as a basis for the early termination of probation.

Moreover, termination at this time is inappropriate. Section 3564(c) provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c) (emphasis added).

Therefore, although the statute would permit termination at this time, it is inappropriate. The defendant maintains that his business has been struggling, that he wishes to dissolve his business interests in the United States and that probation should be terminated . Put simply, neither Tamy nor Cedar have complied fully with the terms of the Court ordered supervised release. Probation has been requesting a compliance program be in place for Cedar, now Tamy, for over a year.

Neither has been compliant and thus, early termination is not "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564.

The defendant corporation should remain under the supervision of U.S. probation and should be required to comply with the court ordered terms, unless the defendant receives permission to dissolve all of his business interests in the United States. Nevertheless, should the court authorize the defendant to dissolve all of his business interests in the United States, than the supervised release will become inactive as there will be nothing for probation or the court to supervise. This inactive status would remain until the duration of the court ordered period of supervised release at which time it would expire.

III.   Conclusion

For all of the foregoing reasons, the United States respectfully requests that the defendant's motion to terminate supervised release be denied, but that within the court's discretion, the defendant be afforded a court ordered time period within which to make efforts to dissolve his corporate interests as they relate to Cedar.

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

By: s/ Jared E. Dwyer
    Jared E. Dwyer
    Assistant United States Attorney
    Court ID No. A5501240
    Allyson Fritz
    Assistant United States Attorney
    99 N.E. 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-9118

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on May 24, 2012. Pursuant to operation of CM/ECF notice of this filing was electronically provided to counsel of record listed in the below service list.

                                                s/ Jared E. Dwyer
                                                Jared E. Dwyer
                                                Assistant United States Attorney

## SERVICE LIST

Leonard Alan Sands
Sands & Moskowitz, P.A.
One Biscayne Tower - Suite 2600
Two South Biscayne Boulevard
Miami, FL 33131-1819
305-285-1500
Email: leonardsands@att.net

Peter Raben
Suite 2850
150 West Flagler Street
Miami, FL 33130
305-379-1401
Fax: 305-374-0081
Email: praben@bellsouth.net

David Oscar Markus
David Oscar Markus
40 NW Third Street
Courthouse Center, PH 1
Miami, FL 33128
305-379-6667
Email: dmarkus@markuslaw.com

## SERVICE LIST

Silvia Beatriz Pinera-Vazquez
Silvia B Pinera-Vazquez PA
International Center
1900 SW 3rd Avenue
Miami, FL 33129
305-443-0629
Email: spinera@aol.com

Michael Ross Tein
Lewis Tein
3059 Grand Avenue
Suite 340
Coconut Grove, FL 33133
305-442-1101
Fax: 442-6744
Email: tein@lewistein.com

Alexander S. Ali
Alonso & Ali PA
2121 Ponce de Leon Boulevard
Coral Gables, FL 33134
305-467-7302
Email: aalawgroup2@gmail.com